IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CONNORS, | C.A. No. 2:21-cv-1511 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| OFFICER JOHN DOE 1, OFFICER JOHN DOE 2, OFFICER JOHN DOE 3, CITY OF PITTSBURGH | |
| Defendants. | |

**COMPLAINT IN CIVIL ACTION**

I. **INTRODUCTION**

1. This action is brought on behalf of the plaintiff, John Connors arising from an incident that occurred on May 30, 2020, when the defendant officers, individually, and acting in concert with one another, falsely arrested the plaintiff, and filed false criminal charges against him, including bogus and serious misdemeanor charges. The arrest and the criminal charges were not supported by probable cause, and all of the baseless criminal charges brought against Mr. Connors were dismissed. The acts of the individual defendants were carried out in accordance with the custom, policies, practices, or procedures of the defendant City of Pittsburgh. As a result of the defendants' conduct, the plaintiff suffered personal injury, damage to his reputation, emotional distress, embarrassment, and humiliation. Plaintiff is entitled to recover damages for such injuries, and for the violation of his first, fourth and fourteenth amendment constitutional rights as made actionable pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C.§ 1983;

**II.     JURISDICTION**

2. This action is brought pursuant to the Civil Rights Act of 1871 as amended 42 U.S.C. §1983.  This Court has jurisdiction over these claims under 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3)and (4)

**III.    PARTIES**

3. Plaintiff John Connors is an adult individual residing in McKees Rocks, Stowe Township, County of Allegheny, Commonwealth Pennsylvania;

4. Defendants Officer John Doe 1, Officer John Doe 2, and Officer John Doe 3 (hereinafter referred to as Doe 1, 2 or 3) are City of Pittsburgh police officers, who are believed to reside in the City of Pittsburgh, Allegheny County Commonwealth Pennsylvania, who were acting under color of state law, and in accordance with the practices, policies and/or procedures of the City of Pittsburgh Bureau of Police when such defendants violated plaintiff's first and fourth amendment constitutional rights to be free from retaliation for protected speech and to be free from unreasonable seizures, the use of excessive force, and/or the filing of false and/or malicious criminal prosecutions;

5. Defendant City of Pittsburgh is a City of the second class located within the Allegheny County, Commonwealth of Pennsylvania, with a principal place of business located at 414 Grant Street, Pittsburgh, PA  15219. The violations of the plaintiff's First and Fourth Amendment constitutional rights resulted from and/or were proximately caused by this defendant's custom, policies or practices which John Doe defendants followed in violating plaintiff's constitutional rights.

## IV.     **FACTUAL ALLEGATIONS**

6.      On May 30, 2020, plaintiff was non-violently and peacefully video recording the police response to citizens' protests of the murder of George Floyd and the deaths of innumerable other African Americans at the hands of the police, these protests taking place in the downtown area of the City of Pittsburgh;

7.      As plaintiff video recorded the police response to the protests, he observed the police engage in abusive tactics, including the unnecessary use of flashbang grenades, chemical agents, and the firing of projectiles at peaceful protesters.  Plaintiff verbally protested the police misconduct that he observed;

8.      Plaintiff was wearing a T-shirt which on the front stated: "Blue Lives Murder". He wore a backpack containing camera equipment and he was holding a camera in his hands.  He was obviously unarmed and posed no threat of harm to himself or others, including any police officers;

9.      After several hours of video recording, plaintiff, at approximately 5 PM was video-recording the police in and about the "Wood Street T-Station" where he was confronted by several police officers, including City of Pittsburgh SWAT team officers, dressed in riot/tactical gear, armed with chemical agents, rifles, and other use of force weapons and ammunition;

10.     As plaintiff asked one of the officers for clarification of an announced dispersal route, a SWAT team officer--looking directly at plaintiff's T-shirt--threw a canister containing a chemical agent at the plaintiff--striking him in the leg, and then fired a projectile at plaintiff striking him on the right hip;

11. The force used by the SWAT team officer (identified herein as Doe 1) was unnecessary and excessive, as plaintiff was peacefully video recording the police and posed no threat of harm to himself, others, or any police officers, including the SWAT team officer who used force;

12. After plaintiff was struck by the canister, and the projectile, Doe 1 and two other City of Pittsburgh SWAT Team police officers (Officers Doe 2 & 3) assaulted the plaintiff, throwing him to the ground and forcibly handcuffing him;

13. Plaintiff was then taken into custody and transported to the Allegheny County Jail, where he remained incarcerated for three days when he was then finally able to post bail and was released;

14. In order to justify the retaliation and the unnecessary and excessive use of force, false criminal charges were filed against the plaintiff, including misdemeanor failure to disperse and disorderly conduct charges;

15. The charges filed against the plaintiff were based upon false accusations, as the individually-named defendants did not have reason to believe and/or probable cause to believe that such criminal offenses had been committed by the plaintiff;

16. The affidavit of probable cause filed in support of the false criminal charges was ostensibly completed by a City of Pittsburgh police officer who had no knowledge of the facts, but instead, used a standard form affidavit created by the City of Pittsburgh Bureau of Police to justify the wholesale arrest of peaceful protesters without regard to the specific facts allegedly supporting the criminal charges

17. In the affidavit of probable cause, it was falsely alleged that plaintiff failed to "disperse" from a location at the intersection of Smithfield Street and the Boulevard of the

Allies. Plaintiff had not been at that location during the entire time that he video recorded the police and was not at that location when he was arrested;

18. The individual defendant officers knew that the City's policy authorizing an officer to file an affidavit of probable cause containing allegations--unrelated to the citizen accused of a crime based upon that affidavit, allowed them to arrest citizens without having to account for such arrest by swearing under oath to facts supporting the arrest or the force used;

19. The false criminal charges filed against the plaintiff were dismissed;

20. As a direct result of the defendants' conduct, plaintiff suffered physical injuries, emotional distress, embarrassment, humiliation and damage to his reputation;

21. As a direct result of the defendants' conduct, plaintiff has and/or may require medical care and treatment and incur medical expenses for any such care and/or treatment;

## V.   CAUSES OF ACTION

### A.   Connors v. Officer Doe 1
### Fourth Amendment Use of Excessive Force

22. Plaintiff incorporates herein by reference paragraphs 1 through 21 as if herein fully set forth;

23. Defendant Officer Doe 1's use of force against the plaintiff, including throwing a canister containing a chemical agent at the plaintiff, and shooting and striking him with a projectile, was unreasonable and excessive as plaintiff was not, and had not, engaged in any conduct justifying the use of such force;

WHEREFORE, plaintiff requests judgment in his favor against this defendant for both compensatory and punitive damages, an award of attorney's fees and costs and such other relief as the Court may deem just and equitable under the circumstances;

**B.     Connors v. Officers Doe 1, 2, and 3
         Fourth Amendment False Arrest**

24.     Plaintiff incorporates herein by reference paragraphs 1 through 23 as if herein fully set forth;

25.     Defendants Officers Doe 1, 2, and 3 arrested the plaintiff without reason to believe and/or suspect that he had committed a criminal offense justifying any such arrest;

WHEREFORE, plaintiff requests judgment against these defendants in his favor for both compensatory and punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem just and equitable under the circumstances;

**C.     Connors v. Officers Doe 1, 2, and 3
         Fourth amendment malicious prosecution**

26.     Plaintiff incorporates herein by reference paragraphs 1 through 25 as if herein fully set forth;

27.     Defendant Officers Doe 1, 2, and 3 filed and/or participated in the filing of criminal charges against the plaintiff which were not supported by probable cause and were based upon false accusations made by these defendants that plaintiff had engaged in criminal activity, including false allegations that he refused to disburse and/or engaged in disorderly conduct;

28. The defendants filed an/or participated in the filing of false criminal charges against the plaintiff with malice and/or for reasons other than bringing the plaintiff to justice;

WHEREFORE, plaintiff requests judgment against these defendants in his favor for both compensatory and punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem just and equitable under the circumstances;

### D. Connors v. Officers Doe 1, 2, and 3
### First Amendment Retaliation

29. Plaintiff incorporates herein by reference paragraphs 1 through 28 as if herein fully set forth;

30. The defendants' use of excessive force (as to Officer Doe 1 only), false arrest, and malicious prosecution were motivated by an animus towards the plaintiff and were otherwise in retaliation for his first amendment protected speech, including video recording the police, objecting to police abuse, and the message on his T-shirt which read "Blue Lives Murder";

### E. Connors v. City of Pittsburgh
### First Amendment (retaliation for protected First Amendment activity), Fourth Amendment (use of force, false arrest, malicious prosecution, Fourteenth Amendment (failure to train, discipline and/or supervise)

31. Plaintiff incorporates herein by reference paragraphs 1 through 30 as if herein fully set forth;

32. The defendant City of Pittsburgh, through its Bureau of Police and Office of the Solicitor has a practice and/or policy of acquiescing in police misconduct including failing and/or refusing to discipline officers adjudged to have violated citizens' constitutional rights; promoting to supervisory ranks officers who have been adjudged to

have violated citizen's constitutional rights; participating in the defense of and otherwise defending City of Pittsburgh police officers accused of violating citizens' constitutional rights, when the City knows, has reason to believe, and/or has otherwise concluded that the officer's conduct was abusive and/or rose to the level of a crime, was carried out with malice, and/or rose to the level of willful misconduct;

33. The defendant City of Pittsburgh has a custom, policy or practice of using standard form affidavits to justify the arrest and filing of criminal charges against citizens engaged in peaceful protests where the officer swearing to the truth of the allegations set forth in the affidavit in reality has no knowledge of the facts supporting the charges and where the officers who initiated the arrests are accordingly not required to swear to the truth of the allegations supporting the citizen's arrest, the filing of charges against that citizen, or the use of any force in carrying out the arrest;

34. The defendant City of Pittsburgh was on notice, and was otherwise aware, that its officers responding to peaceful citizen protests of police misconduct used unnecessary and excessive force in response to such protests, filed criminal charges for which there was no reason to believe or suspect that a criminal offense had been committed, and retaliated against citizens on account of protected first amendment activity, and despite such knowledge failed to protect citizens from the violation of their constitutional rights and/or otherwise acquiesced in such unconstitutional behavior;

35. The defendant City of Pittsburgh was on notice, and/or was otherwise aware that there would be citizen protests of police misconduct and abuse following the murder of George Floyd and the deaths of innumerable other African-Americans at the hands of the police, and despite such notice and/or knowledge failed to properly train and/or

supervise its police officers in responding to such protests, including failing to train and/or supervise its officers on when and what force to use when responding to citizens protests, failing to train and/or supervise its officers on how to disperse citizen protesters, in failing to train and/or supervise its police officers in exercising restraint when confronted by citizens protesting police abuse;

36. The defendant City of Pittsburgh's custom policies and practices as hereinbefore described were the moving force behind the violation of the plaintiff's first, fourth, and fourteenth amendment constitutional rights.

WHEREFORE, plaintiff requests judgment against this defendant for compensatory damages, an award of costs and attorney's fees and such other relief as the Court deems just and equitable under the circumstances.

> Respectfully submitted,
>
> /s/ Timothy P. O'Brien
> PA ID# 22104
>
> Law Office of Timothy P. O'Brien
> Henry W. Oliver Building
> 535 Smithfield Street, Suite 1025
> Pittsburgh, PA  15222
> (412) 232-4400
>
> Attorney for Plaintiff